Plaintiff Maurice Chin has filed a motion for an order holding Defendant Garda CL New England, Inc., in contempt and for various sanctions up to and including entry of a judgment in his favor pursuant to Fed. R. Civ. P. 37(d)(1)(a)(i) based on Defendant's alleged failure to produce an adequately knowledgeable and prepared corporate witness under Fed. R. Civ. P. 30(b)(6) (Dkt. No. 89). Plaintiff fails to develop a factual basis for the imposition of any sanctions, let alone the most severe sanction available. In the First Circuit, Fed. R. Civ. P. 37(d)(1)(A)(i) "sanctions for non-appearance [of a person designated under Rule 30(b)(6)] are only available when a deponent 'literally fails to show up for a deposition session.'" *Baker v. St. Paul Travelers Ins. Co.*, 670 F.3d 119, 124 (1st Cir. 2012) (quoting *R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 15 n.2 (1st Cir. 1991)). The First Circuit has not recognized an exception to this rule based on constructive non-appearance of a Rule 30(b)(6) witness, and the court declines to do so here on this undeveloped record.

Plaintiff also seeks an order requiring Defendant to produce documents that it has identified as protected by the attorney-client privilege because the documents are material and relevant. Plaintiff does not dispute that the subject documents are privileged, nor does he attempt to show that some exception to the privilege applies, a burden he bears if he wishes to overcome the privilege. Clark v. Unum Life Ins. Co. of Am., 799 F. Supp. 2d 527, 537 (D. Mass. 2011) ("Once a party has made a prima facie showing of privilege, the party asserting an exception to the privilege bears the burden of establishing that the exception applies.").

For these reasons, Plaintiff's motion is DENIED. Defendant's request for attorney's fees incurred in opposing Chin's motion (Dkt. No. 91) is DENIED.