UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MAURICE CHRISTOPHER CHIN, )
                      Plaintiff, )
                       )
      v. )        Civil Action No. 15-cv-13110-TSH
                       )
GARDA CL NEW ENGLAND, INC., )
                      Defendant. )

## MEMORANDUM & ORDER REGARDING DEFENDANT'S MOTION TO STRIKE
(Dkt. No. 85)

ROBERTSON, U.S.M.J.

       Plaintiff Maurice Christopher Chin ("Chin" or "Plaintiff") alleges that Defendant Garda CL New England, Inc., ("Garda" or "Defendant") falsely accused him of a number of thefts that occurred while Chin was an employee of Garda, an armored car company, and maliciously instituted and maintained criminal charges against him in connection with the thefts without probable cause. Chin asserts claims against Defendant for negligence, defamation, malicious prosecution, and negligent infliction of emotional distress (Dkt. No. 1-1).

       Defendant has filed a motion for summary judgment on all counts of Chin's complaint, which Chin opposes. Defendant's instant motion, which is unopposed, seeks to strike the entirety of Chin's statement of disputed facts for failure to comply with L.R. 56.1 and to have Defendant's statement of undisputed facts deemed admitted. Additionally, Defendant seeks to strike from the summary judgment record a document attached to an affidavit from Chin's counsel as unauthenticated and inadmissible hearsay. For the reasons set forth below, Defendant's motion is DENIED in part and GRANTED in part.

I.  FACTS

A thorough recitation of the facts can be found in the Report & Recommendation regarding Defendant's special motion to dismiss and motion for summary judgment. For purposes of this motion, a brief sketch suffices.

On January 14, 2013, Garda client support notified Gary Holland, the branch manager of the Springfield, Massachusetts branch of Garda (hereinafter "Garda Springfield"), that two Garda clients were reporting that cash Garda had picked up from them on December 20, 2012 was never deposited in their banks and was missing (DF 6-7; PF 34-35; DR 34-35).[1] Holland undertook to investigate the matter and determined that 29 small bags of money had arrived at Garda Springfield on December 20, 2012, been counted, and been placed inside a large, heavy gauge bag called a "clearing bag," which was then placed inside the branch's vault (DF 7-9; PF 35; DR 35). The following day, December 21, 2012, Chin and Jose Garcia, both employees of Garda, took possession of the clearing bag for delivery to a Loomis facility in Boylston, Massachusetts ("Loomis Boylston") (DF 10). When Chin and Garcia delivered the clearing bag in question to Loomis Boylston on December 21, 2012, it contained only 24 smaller bags of money, not 29 (DF 11). The five missing bags contained a total of $76,000.00 in cash (DF 12). Garcia promptly notified Melvin Diaz, the Garda Springfield night vault manager, that the bags were missing from the delivery to Loomis Boylston (PF 2; 31).

Garda security investigators Michael Kelly and Michael Zanatta were assigned to investigate the loss (DF 14). Among other things, Kelly and Zanatta interviewed Chin and Garcia on January 18, 2013, and obtained written statements from each of them (DF 16; 18-19;

---

[1] References are to Defendant's statement of undisputed material facts in support of Defendant's motion for summary judgment ("DF") (Dkt. No. 65), Plaintiff's statement of disputed and undisputed facts ("PF") (Dkt. No. 77), and Defendant's response to Plaintiff's statement of undisputed facts ("DR") (Dkt. No. 84).

PF 39, 63, 75; DR 39, 63, 75).  Both denied any involvement in or knowledge about the missing bags (DF 18-19).  Holland interviewed Diaz, who also denied taking any of the money (DF 19).  Neither Kelly nor Holland could recall interviewing Diaz or taking a written statement from him (PF 64-65; DR 64-65).  However, Garda produced in discovery a handwritten document dated January 18, 2013, labeled "Statement," and beginning, "I Melvin Diaz …." (PF 65; DR 65).

Later in the day on January 18, 2013, Kelly and Zanatta went to the Springfield Police Department ("SPD"), where they met with Lieutenant Maurice Kearney ("Lt. Kearney"), to report the loss (DF 24-25; PF 89; DR 89).  Kelly and Zanatta advised Lt. Kearney that Chin and Garcia had been the driver and messenger, respectively, on the truck from which the money had gone missing (DF 25).  They provided him with supporting paperwork and a copy of the portion of Garda's surveillance video showing the 29 bags of money arriving at Garda Springfield and being placed into the clearing bag (DF 26; PF 90-91, 93; DR 90-91, 93).  Kelly told Lt. Kearney that he believed Chin and Garcia were responsible for the theft (PF 4, 92).  On December 20, 2012, Lt. Kearney filed a criminal complaint for the loss and requested and obtained an arrest warrant for Chin (DF 39; PF 114; DR 114)).  Garda passed on information about three additional losses to the SPD, and, on February 26, 2013, complaints issued against Chin in connection with losses occurring on September 17, 2012 and January 2, 2013 (DF 42-43; PF 116, 122, 131, 143, 147, 150; DR 116, 122, 131, 143, 147, 150).  Chin was ultimately indicted for the December 21, 2012 loss only; the charge was dismissed after Garda failed to produce material evidence, including video surveillance, in discovery in the criminal case (DF 50, 58; PF 132, 137; DR 132, 137).

II.     DISCUSSION

   A. Chin's Statement of Facts

Local Rule 56.1 provides as follows:

> Motions for summary judgment shall include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions and other documentation. …. A party opposing the motion shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation. …. Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by the opposing parties unless controverted by the statement required to be served by opposing parties.

*Id.* This rule "was adopted to expedite the process of determining which facts are genuinely in dispute, so that the court may turn quickly to the usually more difficult task of determining whether the disputed issues are material." *Brown v. Armstrong*, 957 F. Supp. 1293, 1297 (D. Mass. 1997).

Defendant contends that Chin's statement of facts fails to comply with the local rule in that it includes nearly 200 additional statements of fact, some of which repeat those in Defendant's statement and some of which are immaterial to the motion. Defendant also argues that Chin's L.R. 56.1 statement impermissibly commingles facts with argument and conclusions, and includes facts that are not supported by the cited evidence. As a sanction, Defendant requests that this court strike the entirety of Chin's L.R. 56.1 statement and deem Defendant's L.R. 56.1 statement admitted.

The court declines Defendant's invitation to impose such a draconian sanction where Chin's Rule 56.1 statement is not in obvious noncompliance with the rule. In the first thirteen numbered paragraphs of his statement, Chin identifies the facts that Defendant claims are

undisputed, but which he disputes, with page references to the summary judgment record. He then identifies additional disputed material facts, again with page references to the record. It is true that Chin's statement cannot fairly be characterizes as concise and that he has made the work of the court more difficult as a result. Nonetheless, the court finds that the shortcomings with Chin's statement present an insufficient basis for deeming the facts set forth in Defendant's L.R. 56.1 statement admitted. To the extent that any of Chin's individual responses or statements of fact are improper because they are argumentative, conclusory, or not supported by the cited evidence, the court will not rely on them in its report and recommendation on Defendant's motion for summary judgment.

   B. The Diaz Statement

Defendant argues that the "alleged statement by Melvin Diaz" should be stricken as inadmissible because it is not authenticated and is inadmissible as hearsay. The contested document is one of hundreds of pages attached to an affidavit from Chin's counsel (Dkt. 78-3 at 18). The court agrees with Defendant that the document as presented is not properly authenticated, and Plaintiff, who filed no opposition to the instant motion, makes no argument that it is. Nevertheless, in a related case brought by Garcia, *Garcia v. Garda*, CL New England, Dkt. No. 3:15-cv-13093-TSH, the court has held that the very same document is properly authenticated by circumstantial evidence under Fed. R. Evid. 901. Under these circumstances, the court declines to strike the document in its entirety, where it seems likely Plaintiff could properly authenticate it. However, the court agrees with Defendant that Plaintiff offers the substance of the document for inadmissible hearsay purposes, and, therefore, will not consider its contents on summary judgment. Specifically, Chin offers the document for the truth of matters asserted therein, including that Diaz told Garcia not to tell Holland about missing bags and that

Diaz was aware that there were many missing bags/thefts, but he failed to look into them or report them to Holland (Dkt. No. 76 at 3-4). The court will take into account the record evidence that the document was not turned over to the Springfield Police Department or the Hampden County District Attorney's Office.

    C. <u>Conclusion</u>

For the reasons set forth herein, Defendants' motion to strike (Dkt. No. 85) is DENIED in part and GRANTED in part.

Dated: August 16, 2017                <u>/s/ Katherine A. Robertson</u>
                                                KATHERINE A. ROBERTSON
                                                UNITED STATES MAGISTRATE JUDGE