On August 16, 2017, this court allowed in part an unopposed motion to strike filed by the defendant, ruling that the content of a document (the "Diaz statement") was inadmissible hearsay for purposes of defendant's motion for summary judgment because the plaintiff was relying on the content of the document for its truth. Pending before the court is plaintiff's motion for reconsideration of this ruling (Dkt. No. 98).

"Motions for reconsideration are not to be used as 'a vehicle for a party to undo its own procedural failures [or] allow a party to advance arguments that could and should have been presented to the district court prior to judgment.'" *U.S. v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009) (alteration in original) (quoting *Iverson v. City of Boston,* 452 F.3d 94, 104 (1st Cir. 2006)). Rather, motions for reconsideration are appropriate only if (1) the moving party presents newly discovered evidence, (2) there has been an intervening change in the law, or (3) the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust. *Id*. (citing *Marie v. Allied Home Mortg. Corp.,* 402 F.3d 1, 7 n.2 (1st Cir. 2005)). The granting of such a motion is "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortg.,* 465 F.3d 24, 30 (1st Cir. 2006).

In his motion for reconsideration, plaintiff argues that the Diaz statement is not hearsay because it is not being offered for its truth, or, alternatively, if it is hearsay, it falls within a number of recognized exceptions to the hearsay rule. These arguments could and should have been advanced in an opposition to defendant's motion to strike. Having failed to file an opposition, plaintiff cannot now use a motion for reconsideration as a vehicle for belatedly opposing the motion. Moreover, Plaintiff's motion does not fall within any of the limited circumstances where reconsideration is appropriate. Plaintiff has not identified any newly discovered evidence or change in the law or demonstrated manifest error.

Even if the court were to reconsider its ruling on defendant's motion to strike and consider the Diaz statement for its alleged non-hearsay purpose – i.e. to show that Diaz told Garda on January 18, 2013 that he had received reports of other missing bags, putting Garda on notice of other thefts at the time it reported the December 21, 2012 loss to the Springfield Police Department – it would not alter this court's recommendation that defendant's motion for summary judgment be granted. Even if Garda was on notice on January 18, 2013 of other possible thefts, it does not create a triable issue as to whether Garda had probable cause to believe that Chin was involved in the December 21, 2012 loss, whether Garda instituted criminal proceedings against Chin when it reported the loss to the Springfield Police, or whether Garda acted with malice, i.e. an improper motive. For these reasons, plaintiff's motion for reconsideration is DENIED.